## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA

### PANAMA CITY DIVISION

TERRI D. FRANKLIN,

      Plaintiff,

                               **CASE NO.** _____

vs.

DAVID TATUM, as Sheriff of
Calhoun County, Florida,
HARRELL REVELL, as Sheriff of
Liberty County, Florida and
Transport Officer and Deputy Sheriff
Of Calhoun County WILLIAM STRAWN, individually,

      Defendants.

_____/

## COMPLAINT FOR DAMAGES
## <u>AND DEMAND FOR JURY TRIAL</u>

COMES NOW the Plaintiff, Terri D. Franklin, by and through her undersigned Attorneys, and sues Calhoun County Sheriff David Tatum, Liberty County Sheriff, Harrell Revell, and William Strawn, Calhoun County Deputy Sheriff, individually, for violation of the Plaintiff's constitutionally protected rights under 42 U.S.C. §1983 due to the criminal sexual assault upon Plaintiff while she was in the Defendants' custody and care.

1

## JURISDICTION, PARTIES AND VENUE

1.      This is an action for damages under the provisions of 42 USC §1983.  This Court has jurisdiction under 28 USC §§ 1331 and 1343.  The Plaintiff requests that this Court exercise supplemental jurisdiction over State Law counts pursuant to 28 USC §1367.

2.      At all times material to this lawsuit, the Plaintiff, Terri D. Franklin, was an inmate at the Liberty County Detention Center located in Bristol, Florida.  At all times material, Ms. Franklin was in the custody, control and care of the Calhoun County Sheriff David Tatum, of the Liberty County Sheriff Harrell Revell, and William Strawn, in his official capacity as a Transport Officer and deputy sheriff of Calhoun County.

3.      Venue is proper in Calhoun County and Liberty County, Florida because the causes of action alleged herein accrued in these Counties; and the defendants are residents of these counties.

4.      Plaintiff, Terri D. Franklin, brings this action against the defendants pursuant to 42 U.S.C. §§ 1983 and 1988 to redress the deprivation under color of law of the Plaintiff's rights, privileges, and immunities secured by the Constitution of the United States.  As to the state law, Notice of Claim was served in compliance with Section 768.28 Florida Statutes and all other conditions precedent have been fulfilled.  Plaintiff seeks money damages to redress the deprivation of her constitutional and civil rights.  Plaintiff also seeks an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable federal or state laws.

5.     At the time he sexually assaulted Terri D. Franklin, Defendant, William Strawn was a Transport Officer employed by the Calhoun County Sheriff's Office, and was at all times acting under color of State law.

6.     Calhoun County Sheriff, David Tatum, and Liberty County Sheriff Harrell Revell, as head of the Women's Facility of the Liberty County Detention Center, had a duty to promulgate written policies for the Calhoun County Sheriff's transportation officers and Sheriff's Deputies, including Defendant, William Strawn, and for the Liberty County Detention Center, yet they failed to promulgate such policies or promulgated inadequate policies and procedures.  They also had the ability and authority to impose and modify disciplinary actions.  Sheriff Revell was responsible for the operation of the Liberty County Detention Center and for the implementation of the policies that they chose and put into force.

7.     Liberty County is a political subdivision of the State of Florida.  It operates, manages, directs and controls the Liberty County Sheriff's Office and the Liberty County Detention Center which housed the Plaintiff, Terri D. Franklin.  Calhoun County is a political subdivision of the State of Florida.  It operates, manages, directs and controls the Calhoun County Sheriff's Office.

8.     At all times material, the Defendant, William Strawn, was employed by the Calhoun County Sheriff's Office as a Deputy Sheriff and Transport Officer and was assigned to work as a Women's Transportation Officer for transport of Calhoun County inmates to and from the Liberty County Detention Center.  Calhoun County had no

women's facility for housing its female inmates.  Instead Calhoun County entered into an agreement with Liberty County to house its female inmates.

## GENERAL ALLEGATIONS

9.     In or about 2008, Plaintiff Terri D. Franklin was an inmate in the women's facility of the Liberty County Jail in Bristol, Florida.

10.     On or about April 5, 2008, the Defendant, William Strawn, a Calhoun County Deputy Sheriff and Transport Officer, came to the women's facility in Liberty County and checked Plaintiff Franklin along with Stacey Rudd out of the facility as part of a work detail to be conducted at the Civic Center in Bristol, Florida.

11.     That while at and/or enroot to the Civic Center in Bristol, Defendant Strawn purchased several alcoholic drinks called "Sparks" and wrongfully provided it to both of them and told them to drink the beverages.

12.     That after the drinks and work detail was completed he informed them that they had to "do something for him".  Defendant Strawn took both Plaintiff and Ms. Rudd, placed them in his Sheriff's vehicle he was driving and took them to a remote site in Bristol called the "Horse Arena" and sexually assaulted both women.  The Plaintiff, Terri D. Franklin felt the vehicle moving while Defendant Strawn assaulted Ms. Rudd. Defendant Strawn took Plaintiff Franklin out of the car, laid her back over the hood of his vehicle, pulled her pants down and penetrated her completing this non-consensual forcible sexual intercourse.

4

13.    After the incident, Defendant Strawn took Plaintiff Franklin and Ms. Rudd back to the Liberty County Jail and told her not to tell anyone about the incident.

**COUNT I**
**VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS AGAINST**
**CALHOUN COUNTY SHERIFF DAVID TATUM**

14.    The Plaintiff, Terri D. Franklin, realleges paragraphs 1 through 13 and incorporates them fully herein.

15.    This claim is brought pursuant to the provisions of 42 U.S.C. § 1983 against Calhoun County Sheriff David Tatum in his official capacity.

16.    At all times while she was in the exclusive custody and care of the Calhoun County Sheriff's Office, Terri D. Franklin had the constitutional right to be free from cruel and unusual punishment and the right to personal security and bodily integrity including the right to be free from sexual assaults.

17.    As the Sheriff of Calhoun County, and the government official into whose custody and care Terri D. Franklin was placed, Sheriff David Tatum owed a special duty of protection to Terri D. Franklin while she was in his custody and care as an inmate at the Liberty County Detention Center and at all times while she was being transported back and forth during a work detail or to court.

18.    Calhoun County Sheriff David Tatum, his employees, agents, subordinates, and including the supervisors of William Strawn, had prior knowledge that defendant Strawn posed a risk of harm to female inmates but failed to take reasonable

steps, including without limiting, transport policies and procedures or adequate transport policies and procedures to prevent such harm from occurring to Terri D. Franklin.

a.)   Among other things, Defendant Strawn had been previously disciplined for allowing an unauthorized female to operate his Sheriff's vehicle.   Defendant Strawn allowed the unauthorized female to operate his Sheriff's vehicle to curry favor from her which put or should have put Sheriff Tatum on notice of inappropriate attention he directed to female inmates.

b.)  It was fairly commonly known around the Calhoun County Sheriff's Office that Deputy Strawn often travelled to Liberty County to pick up female inmates without proper authorization and kept them out too long.   Yet, Sheriff Tatum took no action to stop Deputy Strawn or to institute procedures to monitor when he checked out female inmates and ensure he promptly returned them after their court appearances or medical appointments.

19.   Sheriff David Tatum had a legal obligation to protect Terri D. Franklin from sexual assaults by William Strawn.   Sheriff David Tatum knew that his inaction created a substantial risk of serious injury to female inmates such as Terri D. Franklin.

20.   With deliberate indifference to Ms. Franklin's personal safety, Sheriff David Tatum failed to protect her from substantial risk of serious harm, including sexual assault in violation of her rights under the Eighth and Fourteenth Amendments to the United States and under 42 U.S.C. §1983.   In doing so, Sheriff David Tatum violated

clearly established law which a reasonable person in Sheriff Tatum's position would have known violated that clearly established law.

21.     The sexual assault against Terri D. Franklin was the result of Sheriff David Tatum's custom, practice, rule and/or policy of deliberate indifference to the substantial risk of harm which he knew or should have known William Strawn posed to female inmates such as Terri D. Franklin, and his deliberate indifference to female inmates, including Terri D. Franklin, in failing to investigate and discipline William Strawn for other allegations/incidents of sexual abuse or misconduct about which he knew or should have known involving Strawn's sexual relations with other female inmates.

22.     As a direct and proximate result of Defendant Sheriff David Tatum's deliberate indifference to the substantial risk of harm he knew or should have known William Strawn posed to rights, health and safety of female inmates such as Terri D. Franklin, and his deliberate indifference to female inmates for failing to investigate and discipline William Strawn for other allegations/incidents of sexual abuse or misconduct in violation of 42 U.S.C. §1983, the Plaintiff was deprived of rights, privileges and immunities afforded to her by the U.S. Constitution and the Bill of Rights including her right to be secure in her person and her right to be free from cruel and unusual punishment.

23.     As a direct and proximate result of Sheriff David Tatum's above described deliberate indifference, which was committed under color of state law and in violation of

Terri D. Franklin rights to be secure in her person and be free from cruel and unusual punishment, Terri D. Franklin was sexually assaulted, imprisoned under torturous and inhumane conditions, and has suffered extreme emotional, mental and psychological injury.  Plaintiff has retained legal counsel to represent her in this matter to whom she must pay a reasonable attorney fee.

WHEREFORE the Plaintiff, Terri D. Franklin, demands judgment against Defendant Sheriff David Tatum for compensatory damages, costs, attorneys' fees and such other relief as this Court deems just and proper.  The Plaintiff reserves the right to amend this Complaint at a later date and add a claim for punitive damages.

**COUNT II**
**VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS AGAINST**
**LIBERTY COUNTY SHERIFF HARRELL REVELL**

24.     The Plaintiff, Terri D. Franklin, realleges paragraphs 1 through 13 and 18 and incorporates them fully herein.

25.     This claim is brought pursuant to the provisions of 42 U.S.C. § 1983 against Liberty County Sheriff Harrell Revell in his official capacity.

26.     At all times while she was in the joint custody and care of the Liberty County Detention Center and the Calhoun County Sheriff's Office.  Terri D. Franklin had the constitutional right to be free from cruel and unusual punishment and the right to personal security and bodily integrity including the right to be free from sexual assaults.

27.     As the Sheriff of Liberty County, and the government official into whose custody and care Plaintiff Terri D. Franklin, was placed, Sheriff Harrell Revell owed a

special duty of protection to Terri D. Franklin while she was in his custody and care as an inmate at the Liberty County Detention Center and at all times while she was being transported back and forth between work details.   This special duty included the development and implementation of check-in and check-out procedures of inmates for any purpose by law enforcement officers which would include the Defendant William Strawn.  Those procedures which would apply to Plaintiff Terri D. Franklin should have included but was not limited to check out sheets (leaving and returning) listing the dates, times, purpose of leaving the facility, destination of the inmate while away from the facility, expected return date, name of officer transporting the inmate, and type of documentation required to be presented and documented to check out the inmates.

28.     Liberty County Sheriff Harrell Revell, his employees, agents, subordinates, and including the supervisors of William Strawn should have had prior knowledge that defendant Strawn's unscheduled numerous requests to transport these female inmates without presenting appropriate transportation orders posed a risk of harm to female inmates but failed to take reasonable steps to prevent such harm from occurring to Terri D. Franklin

29.     Sheriff Harrell Revell had a legal obligation to protect Terri D. Franklin from sexual assaults by William Strawn.  Sheriff Harrell Revell knew that his inaction created a substantial risk of serious injury to female inmates such as Terri D. Franklin.

30.     With deliberate indifference to Ms. Franklin's personal safety, Sheriff Harrell Revell failed to protect her from substantial risk of serious harm, including sexual

assault in violation of her rights under the Eighth and Fourteenth Amendments to the United States and under 42 U.S.C. §1983.  In doing so, Sheriff Harrell Revell violated clearly established law which a reasonable person in Sheriff Tatum's position would have known violated that clearly established law.

31.     The sexual assault against Plaintiff Terri D. Franklin was the result of Sheriff Harrell Revell's custom, practice, rule and/or policy of deliberate indifference to the substantial risk of harm which he knew or should have known William Strawn posed to female inmates such as Terri D. Franklin, and his deliberate indifference to female inmates, including Terri D. Franklin, in failing to investigate and discipline William Strawn for other allegations/incidents of sexual abuse or misconduct about which he knew or should have known.

32.     As a direct and proximate result of Defendant Sheriff Harrell Revell's deliberate indifference to the substantial risk of harm he knew or should have known William Strawn posed to rights, health and safety of female inmates such as Terri D. Franklin, and his deliberate indifference to female inmates for failing to investigate and discipline William Strawn for other allegations/incidents of sexual abuse or misconduct in violation of 42 U.S.C. §1983, the Plaintiff was deprived of rights, privileges and immunities afforded to her by the U.S. Constitution and the Bill of Rights including her right to be secure in her person and her right to be free from cruel and unusual punishment.

10

33.     As a direct and proximate result of Sheriff Harrell Revell's above described deliberate indifference, which was committed under color of state law and in violation of Terri D. Franklin rights to be secure in her person and be free from cruel and unusual punishment, Terri D. Franklin was sexually assaulted, imprisoned under torturous and inhumane conditions, suffered extreme emotional, mental and psychological injury.  The psychological injury continues to occur in the future.  Plaintiff has retained legal counsel to represent her in this matter to whom she must pay a reasonable attorney fee.

WHEREFORE the Plaintiff, Terri D. Franklin, demands judgment against Defendant Sheriff Harrell Revell for compensatory damages, costs, attorneys' fees and such other relief as this Court deems just and proper.  The Plaintiff reserves the right to amend this Complaint at a later date and add a claim for punitive damages.

## COUNT III
## VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS AGAINST WILLIAM STRAWN

34.     The Plaintiff, Terri D. Franklin, realleges paragraphs 1 through 13 and 18 and incorporates them fully herein.

35.     William Strawn, acting under color of state law and/or local law, ordinances, policies, customs and usages of the State of Florida and Calhoun and Liberty County Sheriff's Offices, deprived and violated Terri D. Franklin's federally secured constitutional rights including her right to be secure in her person and her right to be free

from cruel and unusual punishment during her confinement in the Liberty County Detention Center.

36.     William Strawn, with deliberate indifference to Terri D. Franklin's constitutional rights, sexually assaulted her in 2008 by forcing her to engage in intercourse with him when she was an inmate at the Liberty County Detention Center at a remote location.

37.     William Strawn misused and abused the official power granted to him by the Calhoun and Liberty County Sheriff's Offices in the performance of his official duties by assaulting numerous female inmates, including Ms. Franklin, thereby causing harm to Terri D. Franklin.

38.     As a direct and proximate result of Defendant William Strawn's sexual assault of Terri D. Franklin in violation of 42 U.S.C. §1983, the Plaintiff was deprived of rights, privileges and immunities afforded to her by the U.S. Constitution and the Bill of Rights including her right to be secure in her person and her right to be free from cruel and unusual punishment.

39.     As a direct and proximate result of the acts of Defendant William Strawn, which were performed under color of state law and in violation of Terri D. Franklin rights to be secure in her person and be free from cruel and unusual punishment, Terri D. Franklin was sexually assaulted, imprisoned under torturous and inhumane conditions, suffered extreme emotional, mental and psychological injury.  The psychological injury

continues to occur in the future.  Plaintiff has retained legal counsel to represent her in this matter to whom she must pay a reasonable attorney fee.

WHEREFORE the Plaintiff, Terri D. Franklin, demands judgment against Defendant William Strawn for compensatory damages, costs, attorneys' fees and such other relief as this Court deems just and proper.  The Plaintiff reserves the right to amend this Complaint at a later date and add a claim for punitive damages.

## COUNT IV
## NEGLIGENT HIRING AGAINST CALHOUN COUNTY SHERIFF DAVID TATUM

40.     The Plaintiff, Terri D. Franklin, realleges paragraphs 1 through 13 and 18 and incorporates them fully herein.

41.     At all times material, Defendant Calhoun County Sheriff David Tatum, while acting in his official capacity as Calhoun County Sheriff and while engaged in the business of transporting female inmates back and forth to the Calhoun Court including Plaintiff Terri D. Franklin, had a duty to exercise reasonable care in the hiring of agents, employees and staff personnel, including Correctional Transport Officer Deputy William Strawn, who would be responsible for the custody and care of inmates and who were responsible to ensure the welfare and safety of the plaintiff and other inmates.

42.     Defendant William Strawn contact with Plaintiff, Terri D. Franklin, occurred at or in transport to or from the Liberty County Detention Center.  Their contact and the subsequent harm which came to Terri D. Franklin would not have occurred but for Defendant Calhoun County Sheriff David Tatum's hiring and/or re-hiring of William

Strawn and the authority bestowed upon William Strawn by virtue of his employment at the Calhoun County Sheriff's Office.

43.     Plaintiff, Terri D. Franklin, as an inmate of the Liberty County Detention Center, whose custody, care, safety and well-being were the responsibility of Defendant, Calhoun County Sheriff David Tatum as well as Defendant Liberty County Sheriff Harold Revell, was within the zone of foreseeable risk created by the employment of William Strawn and Defendant Calhoun County Sheriff David Tatum failed to conduct a reasonable background investigation and screening of its employee William Strawn before hiring and re-hiring him which would have revealed the unsuitability of William Strawn for the duties he was employed to perform, knowing that he would be in closed contact and in a position of authority over female inmates.

44.     At all times material, Defendant Calhoun County Sheriff David Tatum received the benefit of the employment relationship between Calhoun County Sheriff's Office David Strawn, who acted as a deputy and served as a Transport Officer over numerous inmates, including the Plaintiff Terri D. Franklin.

45.     Defendant Calhoun County Sheriff David Tatum should have known of its employee, Deputy William Strawn's unfitness for employment as a deputy in a detention center which held women, including the Plaintiff Terri D. Franklin, where the Detention Center and its agents, employees and staff personnel were entrusted with the care, custody, safety and well-being of the inmates, yet unreasonably hired and/or re-hired

14

Defendant William Strawn for a position for which he was unfit in light of his age, background, interests, and employment application.

46.     Defendant Calhoun County Sheriff David Tatum breached its duty to exercise reasonable care in the hiring and/or re-hiring of Defendant William Strawn, when Defendant should have known with the exercise of reasonable care and diligence, of William Strawn's inappropriate conduct toward female inmates which was open and obvious to Calhoun County Sheriff David Tatum and its agents, employees and staff and should have put Calhoun  County Sheriff David Tatum on notice that its employee, William Strawn, considering the type of work to be done by William Strawn, was a threat to others and of the potential for harm to the female inmates, including the plaintiff, from sexual abuse, molestation, embarrassment, invasion of her person and her privacy by William Strawn.

47.     As a direct and proximate result of Defendant Calhoun County Sheriff David Tatum's negligence in failing to exercise reasonable care in the hiring and/or re-hiring of William Strawn, the Plaintiff Terri D. Franklin, was sexually assaulted, imprisoned under torturous and inhumane conditions, suffered extreme emotional, mental and psychological injury.  The psychological damage is ongoing and will continue in the future.  These losses and injuries are continuing and permanent in nature and will require ongoing treatment and counseling throughout the minor Plaintiff's lifetime.

WHEREFORE the Plaintiff, Terri D. Franklin, demands judgment against Defendant Calhoun County Sheriff David Tatum for compensatory damages, costs,

attorneys' fees and such other relief as this Court deems just and proper.  The Plaintiff reserves the right to amend this Complaint at a later date and add a claim for punitive damages.

## COUNT V
## NEGLIGENT SUPERVISION AGAINST CALHOUN
## COUNTY SHERIFF DAVID TATUM

48.    The Plaintiff, Terri D. Franklin, realleges paragraphs 1 through 13 and 18 and incorporates them fully herein.

49.    At all times material, Defendant Calhoun County Sheriff David Tatum, while acting in his official capacity as Calhoun County Sheriff and while engaged in the business of transporting female inmates back and forth to the Calhoun Court, including the Plaintiff Terri D. Franklin, had a duty to exercise reasonable care in supervising, monitoring and controlling its agents, employees and staff personnel, including Deputy William Strawn, who were responsible for the custody and care of inmates including the plaintiff, and who were responsible to ensure their welfare and safety and to protect them from harm such as sexual abuse.

50.    At all times material, Deputy William Strawn was on the premises of the Liberty County Detention Center and privileged to be on the premises by virtue of his employment with the Calhoun County Sheriff's Office and was in physical contact with the plaintiff by virtue of the authority conferred upon him by his employment with Calhoun County Sheriff's Office.  Plaintiff, Terri D. Franklin, as an inmate at the Calhoun County Detention Center and whose custody, care, safety and well-being were

16

Calhoun County Sheriff David Tatum's responsibility, as well as Defendant Liberty County Sheriff Harold Revell, was within the zone of foreseeable risk created by the employment of William Strawn.

51.     At all times material, Calhoun County Sheriff David Tatum had the ability to control its agents, employees and staff personnel, including William Strawn; knew or should have known of the necessity for exercising appropriate control over its agents, employees and staff personnel, including William Strawn; and had the opportunity to exercise control over its agents, employees and staff personnel, including William Strawn.

52.     In acting under the color of state law in a position of authority over inmates, including Plaintiff Terri D. Franklin, Defendant Calhoun County Sheriff David Tatum should have known of the threat and potential for harm to inmates from sexual abuse, sexual molestation, and other types of inappropriate touching and/or misconduct by agents, employees and staff personnel and should have known that William Strawn was unsuitable to have contact with female inmates.

53.     Defendant Calhoun County Sheriff David Tatum should have known of its employee, William Strawn's, unfitness for employment during the course of his employment as a Deputy in a Detention Center which housed women, including the plaintiff, where the officers, directors, agents, employees and staff personnel were entrusted with the care, custody, safety and well-being of the inmates and as such, it was

not reasonable for Defendant Calhoun County Sheriff David Tatum to fail to take actions to properly supervise and monitor William Strawn.

54.     Defendant Calhoun County Sheriff David Tatum breached its duty to exercise reasonable care in the supervision and monitoring of its employee, William Strawn,  considering the type of work to be done by William Strawn, when Defendant should have known through the exercise of reasonable diligence of Strawn's inappropriate conduct toward female inmates and which should have put Calhoun County Sheriff David Tatum on notice of the potential for harm to the female inmates, including the plaintiff, from sexual abuse, sexual molestation, embarrassment, invasion of her person and privacy by William Strawn.

55.     As a direct and proximate result of Defendant Calhoun County Sheriff David Tatum's negligent supervision and monitoring of William Strawn, the Plaintiff, Terri D. Franklin was sexually assaulted, imprisoned under torturous and inhumane conditions, suffered extreme emotional, mental and psychological injury.  These losses and injuries are continuing and permanent in nature and will require ongoing treatment and counseling throughout the Plaintiff's lifetime.

WHEREFORE the Plaintiff, Terri D. Franklin, demands judgment against Defendant Calhoun County Sheriff David Tatum for compensatory damages, costs, attorneys' fees and such other relief as this Court deems just and proper.  The Plaintiff reserves the right to amend this Complaint at a later date and add a claim for punitive damages.

**COUNT VI**
**NEGLIGENT RETENTION AGAINST CALHOUN SHERIFF DAVID TATUM**

56.     The Plaintiff, Terri D. Franklin, realleges paragraphs 1 through 13 and incorporates them fully herein.

57.     At all times material, Defendant Calhoun County Sheriff David Tatum, while acting in his official capacity as Calhoun County Sheriff and while engaged in the business of transporting female inmates back and forth to the Calhoun court, including the Plaintiff Terri D. Franklin, had a duty to exercise reasonable care in employing and retaining agents, employees and staff personnel, including William Strawn, who were responsible for the custody and care of inmates including the Plaintiff, Terri D. Franklin, and who were responsible to ensure their welfare and safety and protect them from harm such as sexual molestation.

58.     At all times material, William Strawn was on the premises of the Liberty County Detention Center and privileged to be on the premises by virtue of his employment with the Calhoun County Sheriff's Office and in physical contact with the plaintiff by virtue of the authority conferred upon him by reasons of his employment with Calhoun County Sheriff's Office.  Plaintiff Terri D. Franklin as an inmate at Liberty County Detention Center, whose custody, care, safety and well-being were Calhoun County Sheriff David Tatum's and Liberty county Sheriff Harrell Revell's responsibility was within the zone of foreseeable risk created by the employment of William Strawn.

59.     In acting under color of state law in a position of authority over the inmates, including the plaintiff, Defendants Calhoun County Sheriff David Tatum and

Liberty County Sheriff Harrell Revell,  should have known of the threat and potential for harm to female inmates from sexual abuse, sexual molestation, and other types of inappropriate touching and/or misconduct by agents, employees and staff personnel and should have known that William Strawn was unsuitable to have contact with female inmates considering his numerous unauthorized checking out of female inmates, general fear female inmates expressed to detention center employees about Detective Strawn and lack of proper documentation presented by Deputy Strawn to check out female inmates.

60.     Defendant Calhoun County Sheriff David Tatum should have known of its employee, William Strawn's unfitness for employment during the course of his employment as a Transport Officer in a facility with female inmates, including the plaintiff, where the Sheriff, its agents, employees and staff personnel were entrusted with the care, custody, safety and well-being of the inmates, yet Calhoun County Sheriff David Tatum retained William Strawn as an employee.

61.     Defendant Sheriff David Tatum breached its duty to exercise reasonable care in the retention of its employee, William Strawn, considering the type of work to be done by Strawn, when Defendant should have known through the exercise of reasonable diligence of Strawn's inappropriate conduct toward female inmates which was open and obvious should have put Calhoun County Sheriff David Tatum on notice of the potential for harm to the female inmates, including the Plaintiff, Terri D. Franklin, from sexual abuse, sexual molestation, embarrassment, invasion of her person and her privacy by William Strawn.

62.     As a direct and proximate result of Defendant Calhoun County Sheriff David Tatum's negligent retention of William Strawn, and by reason of the employment of such incompetent employee, the Defendant David Tatum's negligent supervision and monitoring of William Strawn, the Plaintiff, Terri D. Franklin was sexually assaulted, imprisoned under torturous and inhumane conditions, suffered extreme emotional, mental and psychological injury.  These losses and injuries are continuing and permanent in nature and will require ongoing treatment and counseling throughout the Plaintiff's lifetime.

WHEREFORE the Plaintiff, Terri D. Franklin, demands judgment against Defendant Calhoun County Sheriff David Tatum for compensatory damages, costs, attorneys' fees and such other relief as this Court deems just and proper.  The Plaintiff reserves the right to amend this Complaint at a later date and add a claim for punitive damages.

## COUNT VII
## BATTERY AGAINST CALHOUN COUNTY SHERIFF DAVID TATUM AND DEPUTY SHERIFF AND TRANSPORT OFFICER WILLAM STRAWN

63.     The Plaintiff, Terri D. Franklin, realleges paragraph 1 through 14 and 18 and incorporates them fully herein.

64.     Defendant Strawn by removing a handcuffed and shackled prisoner under his control to a secluded area and vaginally penetrating her with his penis without using a condom against her on or about April `5, 2008, committed a rape or sexual battery against Plaintiff Terri D. Franklin.

21

65.     As a direct and proximate result of the above unlawful acts and omissions, Plaintiff Franklin, sustained emotional, mental and psychological injury.     The psychological injury continues and will continue to suffer in the future.

WHEREFORE the Plaintiff, Terri D. Franklin, demands judgment against Defendant Calhoun County Sheriff David Tatum and Defendant Deputy Sheriff and Transport Officer William Strawn for compensatory damages, costs, attorneys' fees and such other relief as this Court deems just and proper.  The Plaintiff reserves the right to amend this Complaint at a later date and add a claim for punitive damages.

## DEMAND FOR JURY TRIAL

The Plaintiff, Terri D. Franklin, hereby demands trial by jury on all issues so triable.

Respectfully submitted this 18th day of November, 2011.

BROWN AND BROWN
ATTORNEYS AT LAW, P.A.


 /s/ Thomas J. Brown                              
THOMAS J. BROWN, ESQ.,
Florida Bar No.: 0781967
tb@brownandbrownlawyers.com
HUBERT R. BROWN, ESQ.,
Florida Bar No.: 0994110
hb@brownandbrownlawyers.com
1102 East Tennessee Street
Tallahassee, Florida  32308
(850) 224-2800        Fax: (850) 224-2747

**ATTORNEYS FOR PLAINTIFF**

22